UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

PAUL ALLEN BERNARD,

            Plaintiff,                          Case No. 1:07-cv-459

v.                                                        Honorable Gordon J. Quist

HELEN V. BRINKMAN et al.,

            Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.       Factual Allegations

Plaintiff is presently incarcerated at the Chippewa Correctional Facility but complains of events that occurred while he was incarcerated at the Kent County jail. Plaintiff was convicted by a jury in Kent County Circuit Court of the first-degree murder, MICH. COMP. LAWS § 750.316(a), of his ex-wife. *See People v. Bernard,* No. 264825, 2007 WL 430649, at *1 (Mich. Ct. App. Feb. 8, 2007.) The trial court sentenced Plaintiff to life in prison without the possibility of parole on July 25, 2005.[1]

In his *pro se* complaint, Plaintiff sues the Kent County Prosecutor's Office, the Kent County Sheriff's Department, Kent County, and the Kent County Correctional Facility. Plaintiff also sues Kent County Prosecutor William Forsythe; Kent County Assistant Prosecutor Helen V. Brinkman; Kent County Sheriff Lawrence Stelsma; and the following Kent County Sheriff's Department employees: Detectives Robert Gates, Jeff McAlary, Ed Kolakowski, Bryin Nelson, and Nick Kaechele; Scientific Support Unit Supervisor Lou Hunt, Lieutenants Mark Fletcher and Steve Tikkanen, and Deputy Dan Alderink, in their official and personal capacities.

Plaintiff alleges that Defendants violated his constitutional rights prior to his conviction (i) by coercing certain statements from him during several police interviews; (ii) by seizing his clothes, computer and vehicle; (iii) by copying his personal mail and legal file while he was incarcerated at Kent County jail; and (iv) by searching his apartment and "raid[ing]" his jail cell "in order to secure his arrest and conviction in a circumstantial case." (Attach. 1 to Pl's Compl. at

---

[1] Plaintiff's complaint failed to provide specific information regarding his conviction. Therefore, the Court retrieved pertinent information from the Michigan Department of Corrections Offender Tracking Information System at http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=536729.

- 2 -

IV; docket #1.)  For relief, Plaintiff requests (i) an attorney; (ii) nominal, compensatory and punitive damages; (iii) an order finding Defendants guilty of violating Plaintiff's constitutional rights and returning any documents relating to those violations; (iv) an order to return several missing pages from Plaintiff's legal file; and (v) injunctive relief to stop the reading of prisoner's personal mail and "'cell raids' (searches and seizures designed to bolster the prosecution's case as opposed to 'cell searches' for institutional reasons)."  (Attach. 1 to Pl's Compl. at V.)

      II.      <u>Failure to state a Claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      A.      **Municipal Defendants**

Plaintiff's claims against the Kent County Correctional Facility, Kent County Sheriff's Department and the Kent County Prosecutor's Office[2] fail because those Defendants are

---

[2]To the extent Plaintiff seeks monetary damages from Kent County Prosecutor William Forsythe and Assistant Kent County Prosecutor Helen Brinkman, those Defendants have quasi-judicial immunity from monetary damages.  *See Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (prosecutor is absolutely immune when performing the traditional functions of an advocate).

not legal entities capable of being sued. *See, e.g., Watson v. Gill,* 40 F. App'x 88, 89 (6th Cir. 2002) (holding that county jail is not a legal entity susceptible to suit); *Hughson v. County of Antrim,* 707 F. Supp. 304, 306 (W.D. Mich. 1988) (concluding that county sheriff's department and county prosecutor's office are not legal entities capable of being sued). Those Defendants are departments of the county, and, thus, Kent County is the appropriate party to address Plaintiff's suit. *See Watson,* 40 F. App'x at 89. Accordingly, I find that the Court should dismiss the Kent County Correctional Facility, the Kent County Sheriff's Department and the Kent County Prosecutor's Office as Defendants.

### B. **First-Degree Murder**

Plaintiff complains of constitutional violations relating to several police interviews, and searches and seizures by Defendants prior to his conviction. Plaintiff essentially challenges his incarceration by the State of Michigan. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee

requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck*, 512 U.S. 477. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated. Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted.

## **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I respectfully recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Entered:  June 29, 2007 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).